UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DAVID HAMILTON (#108298)**                                CIVIL ACTION NO.

**VERSUS**                                                                   19-486-JWD-SDJ

**MELVIN GROOMS, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 1, 2020.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

DAVID HAMILTON (#108298)  CIVIL ACTION NO.

VERSUS  19-486-JWD-SDJ

MELVIN GROOMS, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are a Motion to Delay Consideration of the Defendants' Summary Judgment Until the Completion of Discovery[1] filed by David Hamilton and a Motion for Summary Judgment or in the Alternative Motion to Dismiss[2] filed on behalf of Melvin Grooms, Shannon DeMarrs, Adam Hayes, Luke Rheams, and Jeff Franklin, in addition to other miscellaneous motions.[3] For the following reasons, the undersigned recommends the Motion to Delay be denied and the Motion for Summary Judgment be granted. It is further recommended that Unknown Barnett be dismissed *sua sponte*.

### I.  Background

The *pro se* Plaintiff, David Hamilton, an inmate confined at the Louisiana State Penitentiary, Angola, Louisiana, filed this action against Melvin Grooms, Shannon DeMarrs, Unknown Barnett, Adam Hayes, Luke Rheams, and Jeff Franklin on July 16, 2019.[4] Hamilton alleges various violations of his constitutional rights arising from an incident occurring between February 25 and 26, 2019, when he was accused of throwing waste on an orderly, and as a result,

---

[1] R. Doc. 25.
[2] R. Doc. 22.
[3] R. Docs. 20 & 23.
[4] R. Doc. 1, pp. 4-5. The courts of this Circuit have long concluded that the prison mailbox rule generally applies to the filing of pleadings submitted to courts by Louisiana *pro se* inmates. Pursuant to that rule, an inmate's pleadings are considered to be filed on the date that they are presented to prison officials or placed into the prison mailing system for transmission to the Court, not on the date that they are ultimately received or docketed by the Court. *See Cooper v. Brookshire*, 70 F.3d 377, 379-80 (5th Cir. 1995); *Vicks v. Griffin*, 07-5471, 2008 WL 553186, at *3 (E.D. La. Feb. 28, 2008). Though Plaintiff's Complaint was not docketed until July 24, 2019, it is considered filed as of July 16, 2019, the date Plaintiff signed it.

Hamilton was placed on four-point restraints, which allegedly caused him great pain.[5] Hamilton also complains regarding an alleged false disciplinary report issued as a result of the incident.

## II. Law & Analysis

### A. Standard of review

Summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.[6] A party moving for summary judgment must inform the court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact.[7] If the moving party carries its burden of proof under Rule 56, the opposing party must direct the court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.[8] Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.[9] In resolving a motion for summary judgment, the court must review the facts and inferences in the light most favorable to the non-moving party, and may not evaluate the credibility of witnesses, weigh the evidence, or resolve material factual disputes.[10]

---

[5] R. Doc. 1, pp. 8-15.
[6] Rule 56, Federal Rules of Civil Procedure. *See also, Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).
[7] *Celotex Corp.*, 477 U.S. at 323.
[8] *Anderson*, 477 U.S. at 248.
[9] *Celotex Corp.*, 477 U.S. at 323.
[10] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

## B. Plaintiff failed to exhaust administrative remedies prior to filing suit

Defendants contend that Plaintiff failed to exhaust administrative remedies with respect to the incident. Pursuant to 42 U.S.C. § 1997e, Plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions.[11] This provision is mandatory and applies broadly to "all inmate suits about prison life."[12] Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions.[13] To fully exhaust administrative remedies, a prisoner must comply with an agency's deadlines and other critical procedural rules.[14] The Fifth Circuit has taken a strict approach to § 1997e's exhaustion requirement, under which prisoners must not just substantially comply with the prison's grievance procedures, but instead must "exhaust available remedies properly."[15] One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'"[16] The degree of specificity required in a prisoner's grievance should be evaluated in light of this intended purpose.[17]

Hamilton did not exhaust his available administrative remedies in connection with his claims prior to filing suit. The Louisiana Department of Public Safety and Corrections has implemented a two-step administrative process that involves the submission of an initial grievance

---

[11] 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."
[12] *Porter v. Nussle*, 534 U.S. 516, 532 (2002).
[13] *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004).
[14] *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).
[15] *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010).
[16] *Johnson*, 385 F.3d at 516, *quoting Porter*, 534 U.S. at 525.
[17] *Id.*

to the warden's office at the inmate's facility.[18]  The administrative rules further provide that an inmate who is confronted with a matter of sufficient seriousness may bypass the normal administrative procedure and may file a grievance as one addressing a "problem of an emergency nature."[19]  An emergency grievance is submitted directly to the shift supervisor instead of to the warden's office.  In either instance, upon receipt, prison officials must provide a written response within 40 days (reduced to 5 days in connection with a Prison Rape Elimination Act claim) unless there is an extension requested or the grievance is placed on administrative backlog (because of other pending grievances).[20]

If the inmate is not satisfied with the First Step Response, the inmate has five days after receipt to submit a Second Step appeal to the office of the Secretary of the Department.  The Secretary's office then has an additional 45 days from "receipt" of the inmate's appeal to file a final Second Step response thereto.[21]  No more than 90 days from the initiation to the completion of the process shall elapse, unless an extension has been granted.[22] The administrative rules further provide that, upon passage of the time allowed for a response at any step of the administrative process, the inmate may proceed unilaterally to the next step.[23]

Evidence submitted by Defendants indicates that Hamilton submitted three ARPs related to the incident at issue.  The first ARP, LSP-2019-0676, was backlogged until August 7, 2019 at which time the ARP was accepted for review at the first step.[24]  Prior to this date, the ARP had been backlogged as a result of other pending APRs filed by Hamilton.[25] A second, subsequently

---

[18] *See* 22 La. ADC, Part I, § 325.
[19] *See* 22 La. ADC, Part I, § 325(H).
[20] *See* 22 La. Admin. Code, Part I, § 325(J)(1)(a).
[21] *See* 22 La. Admin. Code, Part I, § 325(J)(1)(b).
[22] *Id.*
[23] *See* 22 La. Admin. Code, Part I, § 325(J)(1)(c).
[24] R. Doc. 22-4, p. 2.
[25] *See* R. Doc. 22-4, pp. 3; 7.  Backlogging of ARPs is not unconstitutional, and it does not abrogate § 1997e's exhaustion requirement.  *Wilson v. Epps*, 776 F.3d 296 (5th Cir. 2015).

4

filed ARP, LSP-2019-0903, was rejected because it complained of the same incident as the previously filed ARP, and the third-filed ARP, LSP-2019-1050, was rejected because it complained of a lack of a response from the legal programs department on the first-filed ARP.[26]

Plaintiff filed this lawsuit on July 16, 2019, and his Complaint was docketed on July 24, 2019.[27] The relevant ARP for this Complaint was not even accepted until August 7, 2019.[28] As Hamilton's ARP had not even been accepted when Plaintiff filed his Complaint, he had not exhausted administrative remedies as required by 42 U.S.C. § 1997e. Accordingly, Defendants' Motion should be granted, and this matter should be dismissed as unexhausted.[29]

### C. Hamilton's claims against non-movant Unknown Barnett should be dismissed *sua sponte*

Because Barnett has not been served, he has not joined in the instant Motion. However, the Court possesses the inherent authority to *sua sponte* dismiss a party or expand upon the grounds for dismissal urged by movants as long as the adverse parties receive notice and a chance to respond.[30] This Report and Recommendation provides adequate notice to Hamilton.[31] Also, where a defending party establishes that a plaintiff has no cause of action, this defense should inure to similarly situated defendants.[32] Because Barnett is similarly situated to the moving defendants, it is appropriate to dismiss Barnett for the same reasons as discussed above. Hamilton has failed

---

[26] R. Docs. 11-1, pp. 2; 10. Note, the facts in LSP-2019-1050 relate to the processing of Plaintiff's grievances, not the incident complained of herein; thus, LSP-2019-1050 is irrelevant to determining whether Plaintiff exhausted the claims presented in these proceedings.
[27] R. Doc. 1. *See* n. 4 *supra* regarding the prison mailbox rule.
[28] R. Doc. 22-4, p. 2.
[29] Though Hamilton could have potentially exhausted some of his claims via a disciplinary appeal, he has not provided any evidence that he did. *See Richardson v. Spurlock*, 260 F.3d 495, 499 (5th Cir. 2001).
[30] *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)); *see also Spann v. Woods*, 66 F.3d 322 (5th Cir. 1995) (unpubl.) (district court *sua sponte* dismissed claims under 12(b)(6) although the defendants never filed a motion to dismiss, nor did they plead failure to state a claim in their answer).
[31] *McCoy v. Wade*, No. 06-2292, 2007 WL 1098738, *1 (W.D. La. Mar. 12, 2007) (the report and recommendation itself provides adequate notice to the parties).
[32] *See Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) (citations omitted).

5

to exhaust administrative remedies with respect to defendants, including Barnett; thus, his claims against Barnett should also be dismissed.

### D. Plaintiff's request to delay consideration of the instant motion until the completion of discovery should be denied

Though Hamilton has requested that this Court delay consideration of the instant Motion until discovery is completed, as discussed above, additional discovery will not be useful to resolution of the Motion before the Court. Federal Rule of Civil Procedure 56(d) allows for suspension of summary judgment pending discovery. However, where the discovery sought would not be useful to the resolution of the pending summary judgment motion, the summary judgment motion may be granted without further discovery.[33] The discovery requested by Hamilton pertains to the merits of his claims.[34] If this discovery were produced, there would still not be a genuine issue as to any material fact regarding whether Hamilton's claims are exhausted. Accordingly, Hamilton's Motion to Delay Consideration of the Defendants' Summary Judgment Until the Completion of Discovery[35] should be denied. Additionally, the remaining pending motions, including a Motion to Stay Discovery[36] and a Motion to Extend Deadline for Cross Motions for Summary Judgment[37] should be denied as moot.

### RECOMMENDATION

**IT IS RECOMMENDED** that the Motion for Summary Judgment[38] be **GRANTED** and that Hamilton's claims against Melvin Grooms, Shannon DeMarrs, Adam Hayes, Luke Rheams,

---

[33] *See Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x 866, 870 (5th Cir. 2010).
[34] R. Docs. 25-1; 25-2.
[35] R. Doc. 25.
[36] R. Doc. 23.
[37] R. Doc. 20.
[38] R. Doc. 22.

and Jeff Franklin be **DISMISSED, WITHOUT PREJUDICE**, for failure of Hamilton to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e.

**IT IS FURTHER RECOMMENDED** that Hamilton's claims against Unknown Barnett be **DISMISSED, WITHOUT PREJUDICE**, for failure of Hamilton to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e.

**IT IS FURTHER RECOMMENDED** that Hamilton's Motion to Delay Consideration of the Defendant's Summary Judgment Until the Completion of Discovery[39] be **DENIED**.

**IT IS FURTHER RECOMMENDED** that the remaining pending Motions[40] be **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on July 1, 2020.

                                          **SCOTT D. JOHNSON**
                                          **UNITED STATES MAGISTRATE JUDGE**

---

[39] R. Doc. 25.
[40] R. Docs. 20 & 23.